## EDMUND GANNON *vs.* HOUSATONIC RAILROAD COMPANY.

The rule that a servant cannot recover of his master for damage sustained from the negligence of his fellow-servant does not prevent his maintaining an action against his master for consequential damages by him sustained through an injury to his wife from such negligence.

TORT. Trial in the Superior Court before *Allen,* J., who after a verdict for the plaintiff allowed the defendant's bill of exceptions as follows :

" This is an action brought by the plaintiff to recover damages for the loss of the services of his wife, for the loss of her society, and for money paid for medical attendance upon her, in consequence of an injury which she sustained while a passenger on the defendant's cars, by the running of the cars from the track by reason of a switch which was misplaced by the negligence of the employee of the company, who had it in charge.

" It was in evidence that the plaintiff was at the time of the injury to his wife an employee and servant of the defendant company, in the capacity of a laborer on the track of the road, and so actually employed at the time of the injury to his wife. The defendant requested the court to rule as follows : ' If the wife of the plaintiff was injured in consequence of the cars running off the track by reason of the switch being misplaced through the negligence of the employee and servant of the company in charge of the switch, the plaintiff being at the same time an employee and servant of the company, and in its actual employment as a laborer on the track at the time of said injury, he can recover no damages for the loss of the society and services of his wife, nor for any damages sustained by him growing out of and consequent upon the injury to his wife.'

" The court declined to rule as requested, and instructed the jury that the plaintiff in such a case as this stood as if not an employee of the road, and might maintain the action."

*M. Wilcox*, for the defendant.   It is well settled that an employee or servant cannot have an action against his employer to recover damages for a personal injury to himself arising from the negligence of his fellow-servant.   *Farwell* v. *Boston & Worcester Railroad*, 4 Met. 49.   *Gilman* v. *Eastern Railroad*, 10 Allen, 233.   Nor can the servant so injured maintain an action against his fellow-servant for such injury and damage.   *Albro* v. *Jaquith*, 4 Gray, 99.   The principles involved in these decisions preclude a recovery in this action, unless they are to be limited to cases where the injury is to the person of the plaintiff himself.   The reasons why a servant can recover damages from neither his master nor from his fellow-servant for injury arising from the negligence of his fellow-servant are founded in considerations of justice and of public policy.   The law endeavors to induce care and faithfulness on the part of each and every servant while in the master's business, so as to protect him, so far as care and diligence can, from liabilities incident to his business.   This care and faithfulness due from each servant involves not only his own acts and conduct, but care and watchfulness as to the doings and negligence of his fellows.   Thus the rule that a servant can recover no damages from either master or servant arising from the negligence of a fellow-servant is founded in justice and good policy, because it tends to insure a course of conduct calculated to protect the property of the master and all third parties from injury, and also the master from claims of third parties for injuries which come from negligence of his servants.   And while these rules tend to secure all these ends, they also serve to save the servants themselves against injury or losses of any kind springing from the negligence of fellow-servants.   These rules therefore " naturally induce each one to be not only a strict observer of the conduct of others, but to be more prudent and careful himself, and thus by increased vigilance to promote the welfare and safety of all."   *Albro* v. *Jaquith*, 4 Gray, 99, 101.   *Russell* v. *Hudson River Railroad*, 17 N. Y. 134, 137.   *Priestley* v. *Fowler*, 3 M. & W. 1, 7.   These

rules of justice and policy established in the above cases are equally applicable to cases like the one under consideration. The plaintiff was a servant of the defendant corporation, and the defendant may be liable to the plaintiff's wife as a third party if injured by negligence of any of the defendant's servants, even the negligence of the plaintiff himself. But in that event the plaintiff could not himself recover for consequential damages for loss of her services, &c. Nor should he be permitted to recover for such damages arising from negligence of his fellow-servant, because it would contravene the policy adopted by the law to secure the safety of the public and the protection of the master and of the servants under him.

A. J. Waterman, for the plaintiff.

COLT, J. We are referred to no case where the rule which exempts the master from liability for injuries received through the negligence of a fellow-servant has been held to defeat the plaintiff's right to recover consequential damages for an injury to his wife. In the opinion of the court the rule is not to be so extended. The implied contract on the part of the servant by which he assumes the risk of the negligence of others, has reference to those direct injuries to which he is exposed in the course of his employment. Those injuries, which are incident to the nature of his employment, he is presumed to have contemplated, and with reference to his exposure to them to have fixed the compensation agreed on. In other respects his relations to his employer remain unchanged. He may insist on the performance of all other duties, whether they are such as are imposed by him or such as arise from independent contracts express or implied.

It is said that the general rule which exempts the master from liability to his servant, has a tendency to insure the safety of the public by increasing his care and fidelity, and that the public policy of the rule is equally applicable here. But if it be conceded that this is the true foundation of the rule, its bearing is too remote to influence the result to which we come in this case.

The plaintiff's wife was a passenger, and the defendant corporation was bound to discharge the duties which as a passenger carrier it had assumed towards her. The injury she received was

occasioned by no fault of the plaintiff, who was employed upon the track, for all that appears, at a remote point on the road, and the injury was from a misplaced switch.

The husband has a right to the services of his wife, and is bound to sustain her in sickness and in health. Any injury inflicted on her which diminishes the value of this right, or increases the burden of this duty, is a pecuniary loss to him. It is indemnity for this loss which he here claims. And the fact that he was at the time of the wife's injury in the employment of the corporation cannot be permitted to defeat his claim.

*Exceptions overruled.*